# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

TRENITA Y. SELKIRK, )
)
                Plaintiff, )
) CIVIL ACTION
v. )
) No. 16-2810-JWL
NANCY A. BERRYHILL,[1] )
**Acting Commissioner of Social Security,** )
)
                Defendant. )
_____ )

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding the Administrative Law Judge's (ALJ) decision is inadequately explained, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

---

[1]On Jan. 20, 2017, Nancy A. Berryhill became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

## I. Background

Plaintiff applied for SSI and DIB, alleging disability beginning December 3, 2012. (R. 14, 227, 235). Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. She argues that the ALJ erred in his residual functional capacity (RFC) assessment in weighing the medical opinions, in evaluating her shoulder and headache pain, with an inadequate narrative discussion, and in failing to explain why he did not include in the RFC assessment all of the mental limitations he credited.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). The Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting

Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920 (2015)[2]; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R.,

---

[2]The final decision in this case was issued August 11, 2015 (R. 25), and the court applies the regulations effective at that time.

3

Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's RFC. 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds that remand is necessary because the ALJ either failed to accommodate or to explain how he had accommodated Dr. Blum's[3] opinion that Plaintiff "may experience difficulty sustaining focus over long periods of time." (R. 119, 136).

---

[3]Plaintiff claims error in the ALJ's evaluation of the opinions of both state agency psychologists, Dr. Cohen and Dr. Blum. (Pl. Br. 16-18, 31-33). Although the court's findings with regard to both opinions are identical in every respect relevant to this opinion, the court has decided to refer only to Dr. Blum's opinion in the interest of brevity, and because his was the agency's reconsideration opinion.

Because a proper evaluation of Dr. Blum's opinion regarding sustained concentration will require a reassessment of Plaintiff's RFC, the court need not definitively evaluate the remaining RFC errors alleged by Plaintiff, but Plaintiff may make her arguments in that regard to the Commissioner on remand.

## II. Discussion

Plaintiff argues that because the ALJ did not state the weight he gave to the state agency psychologists' opinions but accepted them as supported and consistent with the record evidence, "it appears that he simply adopted [them] as entitled to controlling weight." (Pl. Br. 16). She points out that only a treating source opinion may be entitled to controlling weight, and that it is reversible error to accord such weight to the opinion of a nonexamining source. Id., at 16-17. She argues that the reasons given to accept the opinions are mere boilerplate, leaving the court to reweigh the opinions in order to determine the bases for the ALJ's acceptance. Id., at 17. Finally, she argues that the record evidence does not support the opinions in any case, noting that the psychologists could not review the evidence which was submitted after their opinions were rendered, and arguing that they did not explain the bases for their opinion and that their summaries were factually inaccurate. Id., at 17-18. In a later section of her Brief where she argued that the ALJ erred in assessing RFC, Plaintiff also argues that the ALJ failed to explain why he rejected "Dr. Blum's opinion that the plaintiff is moderately limited in her ability to accept instructions and respond appropriately to criticism from supervisors," id., at 31

(citing R. 119, 136), and his opinion "that the plaintiff may experience difficulty sustaining focus over long periods of time." Id., at 32.

The Commissioner argues that the ALJ provided valid, supported reasons for crediting Dr. Blum's opinions. (Comm'r Br. 10). She argues that because the ALJ's RFC assessment did not exactly match Dr. Blum's opinion, it is clear he did not accord it controlling weight but that he accorded it significant or substantial weight. Id. She argues that Plaintiff's challenge to the degree of evidentiary support for the opinion is merely a request for the court to reweigh the evidence. Id., at 11. Lastly, she argues that Plaintiff's argument relating to her ability to accept instructions and respond to criticism from supervisors misunderstands the proper use of the agency's Mental Residual Functional Capacity Assessment, that Dr. Blum explained his opinion regarding social interaction limitations, and that the ALJ appropriately addressed those limitations when he "limited Plaintiff to work involving only simple tasks, no interaction with the public, and only 'brief' and 'incidental' interaction with coworkers." Id., at 11-12.

### A. The ALJ's Findings

At step two of his consideration, the ALJ found that Plaintiff has a severe combination of impairments which includes mental impairments of mood disorder, panic disorder, personality disorder, and psychotic disorder. (R. 16). At step three he applied the Commissioner's psychiatric review technique, and determined that Plaintiff's mental impairments, individually, or in combination, do not meet or medically equal the criteria of any listed mental impairments. (R. 17). He found that Plaintiff has mild restrictions in

activities of daily living, moderate difficulties in both social functioning and concentration, persistence, or pace, and no episodes of decompensation. (R. 18). Regarding social functioning and concentration, persistence, or pace, he explained his findings:

> In social functioning, the claimant has moderate difficulties. There is no evidence of the claimant's ability to communicate is impaired [sic]. The claimant has moderate difficulties with her capacity to function socially and respond appropriately with the general public or co-workers.
>
> With regard to concentration, persistence or pace, the claimant has moderate difficulties. There is no evidence of serious deterioration of effective intelligence. The claimant has moderate difficulties with her capacity to understand, remember, and carry out detailed instructions.

(R. 18). He finished his step three discussion by explaining that a mental RFC assessment made after step three of the sequential evaluation process and applied at steps four and five is not the same as the severity findings regarding the four broad mental functional areas (paragraph B criteria) assessed when applying the psychiatric review technique at steps two and three of the process.

In his discussion regarding his RFC assessment, the ALJ explained his evaluation of Dr. Blum's opinion:

> The undersigned accepts the opinions of the state agency medical psychologists, L. Cohen, Ph.D., and R. Blum, Ph.D., who determined in substance that the claimant was limited to simple work with limited social interaction with others (Exhibits 3A-4A and 7A-8A [(R. 80-103, 106-39)]). The opinions of the non-examining source were considered and weighed as those of a qualified psychologist who is an expert in the evaluation of the medical issues in disability claims under the Social Security Act. The undersigned accepts the opinions of the non-examining state agency

7

medical consultants as supported and consistent with the objective medical evidence of record (SSR 96-6p).

(R. 22).

## B. Analysis

Plaintiff is correct that only the opinion of a treating medical source may be accorded controlling weight. 20 C.F.R. §§ 404.1527(c), 416.927(c) (2015); Soc. Sec. Ruling (SSR) 96-2p, 1996 WL 374188, at *2 (July 2, 1996) (applicable when this case was decided, Aug. 11, 2015); see also 2017 WL 3928305, at *1 (March 27, 2017) (SSR 96-2p rescinded "for claims filed on or after March 27, 2017"). However, the ALJ did not accord controlling weight to Dr. Blum's opinion, but "accepted" it as supported and consistent with the record medical evidence. (R. 22). The court understands this finding to indicate that the ALJ accorded Dr. Blum's opinion significant weight.

To be sure, it would have been helpful for the ALJ to specifically state that he had accorded significant weight to the opinion, but the Tenth Circuit has recognized that a court "cannot insist on technical perfection," but is guided instead by common sense in reviewing Social Security cases. Keyes-Zachary v. Astrue, 695 F.3d 1156, 1166, 1167 (10th Cir. 2012). "Perfection in processing millions of such claims annually is impossible." Bowen v. Yuckert, 482 U.S. 137, 157 (1987) (O'Conner, J., concurring). Dr. Blum's opinion is accompanied by an unusually detailed report and explanation for his opinions and their bases. (R. 115-20, 132-37). Contrary to Plaintiff's argument, and in part because of the detail of Dr. Blum's report, the court finds that the record evidence

supports the ALJ's finding. The court need not decide definitively whether it was proper for the ALJ to accord greater weight to Dr. Blum's nonexamining source opinion than to the nontreating source opinion of Dr. Sheehan, the treating source opinion of Dr. Warnes, or the "other" medical source opinion of Mr. Copeland because it finds other error in the ALJ's evaluation of Dr. Blum's opinion which requires remand of this case. On remand, it would be appropriate for the ALJ to clarify the precise weight accorded Dr. Blum's opinion, and to consider whether that opinion outweighs the other opinions of record.

With regard to Plaintiff's allegations of error because the ALJ accorded significant weight to Dr. Blum's opinion but failed to explain why he did not adopt moderate limitations in the ability to accept instructions and respond appropriately to criticism from supervisors, and why he did not adopt Dr. Blum's finding of difficulty sustaining focus over long periods of time, the Commissioner asserts Plaintiff misunderstands the proper use of the agency's Mental Residual Functional Capacity Assessment, that Dr. Blum explained his opinion regarding social interaction limitations, and that the ALJ appropriately addressed those limitations when he "limited Plaintiff to work involving only simple tasks, no interaction with the public, and only 'brief' and 'incidental' interaction with coworkers. Although the court agrees that Plaintiff's argument regarding the ability to accept instructions and criticism from supervisors reflects a misunderstanding of Dr. Blum's report and the use of the Mental RFC Assessment, it finds error in the ALJ's failure to explain why he did not adopt Dr. Blum's opinion that

9

Plaintiff "may experience moderate difficulty sustaining focus over long periods of time." (R. 119, 136).

As the Commissioner's argument suggests, the Mental RFC Assessment form used by Dr. Blum explains that "[t]he questions [on the form] help determine the individual's ability to perform sustained work activities. However, the actual mental residual functional capacity assessment is recorded in the narrative discussion(s), which describes how the evidence supports each conclusion." (R. 118, 135). And, as Plaintiff argues Dr. Blum opined that Plaintiff's ability to accept instructions and respond appropriately to criticism from supervisors is "moderately limited." (R. 119, 136). However, Plaintiff's argument ignores Dr. Blum's response to the instruction to "[e]xplain in narrative form [Plaintiff's] social interaction capacities and or limitations." (R. 120, 137). Here is Dr. Blum's response:

> The claimant expresses a general dislike of people. At the mental status exam she did describe some thoughts of harming others, although there do not appear to be a clear plan [sic]. This was not reported to other treatment providers. <u>However she does appear to be best suited for work that does not involve serving the general public or require more than incidental contacts with coworkers.</u>

(R. 120, 137) (emphasis added). In context, Dr. Blum opined that Plaintiff's limitation in accepting instructions and responding to criticism is adequately accommodated by a limitation to work that does not involve serving the public or more than incidental contact with coworkers. This is clearly encompassed within the ALJ's restriction to no interaction with the public and "only brief incidental interaction with co-workers; and no

tandem job tasks." (R. 19) (bolding omitted). Since the ALJ accepted Dr. Blum's opinion, there was no ambiguity or rejection of the opinion to be explained.

The analysis with regard to Dr. Blum's opinion regarding sustained concentration and persistence requires a different result. And the Commissioner never specifically addressed this argument in her Brief. As Plaintiff argues, the ability to maintain attention for extended periods of 2-hour segments is a mental ability that is critical for performing unskilled work. POMS DI 25020.010.B.3.d. And, Dr. Blum opined that Plaintiff is moderately limited in the ability to maintain attention and concentration for extended periods. (R. 119, 136). In his narrative regarding Plaintiff's concentration and persistence limitations, Dr. Blum explained:

> The claimant's ability to attend and concentrate is described as mildly impaired. Motivation may be a factor. The claimant appears to be quite preoccupied by her perception of having been wronged by others and thus may experience moderate difficulty sustaining focus over long periods of time.

(R. 119, 136). Dr. Blum stated both that Plaintiff's ability to attend and concentrate is <u>mildly</u> impaired and that she "may experience <u>moderate</u> difficulty sustaining focus over long periods of time." <u>Id.</u> (emphasis added). On their face, at least, these opinions appear inconsistent. The ALJ found that Plaintiff "is able to understand, remember, carry out, and remember [sic] simple work-related decisions" (R. 18-19), but he did not say anything about sustained concentration or attention. The fact that the ALJ accorded significant weight to Dr. Blum's opinion, viewed in light of the fact that Dr. Blum was equivocal on Plaintiff's ability for sustained attention and concentration, produced an

11

ambiguity which must be resolved in the narrative discussion of RFC, and the ALJ did not do so. The court may not resolve this ambiguity, and remand is necessary.

**IT IS THEREFORE ORDERED** that the Commissioner's final decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated this 2nd day of November 2017, at Kansas City, Kansas.

                                        s:/ **John W. Lungstrum**
                                        **John W. Lungstrum**
                                        **United States District Judge**